# EXHIBIT 1

Filing # 146288525 E-Filed 03/23/2022 03:37:12 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,

       Plaintiff,

vs.

ELIZABETH HAZAN, an individual; SEAN NEIL
MEEHAN, as spouse of ELIZABETH HAZAN, an
individual; 6913 VALENCIA, LLC, a Florida limited
liability company; JOHN DOE and JANE DOE as
unknown as unknown tenants or occupants,

       Defendants.

_____/

## COMPLAINT

Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC., a Florida not-for-profit corporation ("ASSOCIATION" or "Plaintiff"), by and through its undersigned counsel, hereby sues the Defendants, ELIZABETH HAZAN ("HAZAN"), an individual; SEAN NEIL MEEHAN, as spouse of HAZAN ("MEEHAN") an individual; 6913 VALENCIA, LLC ("6913 VALENCIA"), a Florida limited liability company; and JOHN DOE and JANE DOE, as unknown tenants or occupants ("TENANTS"), and alleges as follows:

## GENERAL ALLEGATIONS

1.     This Honorable Court has jurisdiction pursuant to § 26.012(2), Fla. Stat., as this is an action to foreclose a claim of lien for unpaid assessments.

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

2.      The ASSOCIATION is a Florida corporation not-for-profit, operating pursuant to the provisions of Chapter 720, Florida Statutes. The ASSOCIATION is responsible for managing the affairs of Valencia Estates, a residential community in Miami-Dade County, Florida, pursuant to its Declaration of Covenants and Restrictions ("Declaration"), recorded in the Public Records of Miami-Dade County, Florida, on February 6, 2003, at ORB 21004, Page 390, as amended from time to time.

3.      Defendant HAZAN, is over the age of eighteen (18) years, is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.  HAZAN is the record owner of the real property forming the subject of this action.

4.      Defendant MEEHAN is HAZAN's spouse, is over the age of eighteen (18) years, is believed to be a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

5.      Defendant 6913 VALENCIA is a Florida limited liability company that is believed to still own and hold a second mortgage on the Subject Property, recorded in the public records of Miami-Dade County, Florida. According to online Florida public records, Defendant 6913 VALENCIA's Manager and Authorized Representative is Defendant HAZAN.

6.      Defendants, TENANTS, if such persons exist, are residents of Miami-Dade County, Florida, who are over the age of eighteen (18) years, and are otherwise *sui juris*.

7.      Venue is appropriate in Miami-Dade County, Florida because:

(a)      The real property forming the subject of this action is located in Miami-Dade County, Florida;

(b)      The causes of action asserted herein arose in Miami-Dade County, Florida;

(c)      HAZAN is the owner of the Subject Property (hereinafter defined), and as such is a member of the ASSOCIATION;

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

(d)    Defendants, MEEHAN and 6913 VALENCIA, hold or may claim to hold interests encumbering the Subject Property which is located in Miami-Dade County, Florida;

(e)    Defendants, TENANTS, if they exist, reside in the Subject Property; and

(f)    This is an action to foreclose a Claim of Lien upon on the following described real property located in Miami-Dade County, Florida (the "Subject Property"):

> Lot 7, Block 2, of LINDEISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, page 64, Public Records of Miami-Dade County, Florida.
>
> a/k/a 6913 Valencia Drive, Fisher Island, FL 33109.

8.    Pursuant to § 720.3085, Fla. Stat. and Article 6 of the Association's Declaration, HAZAN is required to pay all assessments that are levied by the ASSOCIATION against the Subject Property as they become due and payable. A true and correct copy of Article 6 of the Declaration is attached hereto as **Exhibit "1"** and incorporated herein by reference.

9.    Additionally, § 720.3085, Fla. Stat. and Article 6 of the Declaration require that HAZAN pay interest at the rate of eighteen percent (18%) per annum on the balance of all unpaid maintenance assessments, along with administrative late fees in the amount of $25.00 for each monthly assessment installment that is not paid within fifteen (15) days of its due date, plus costs and attorney's fees incurred by the ASSOCIATION incident to the collections process. *See* **Exhibit "1"**.

10.    On or about August 2, 2013, JPMorgan Chase Bank, N.A. ("JPMorgan") filed an action against HAZAN to foreclose the first mortgage on the Subject Property, Case No.: 2013-

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

025902-CA-01 ("Bank Foreclosure"). The Bank Foreclosure is still pending in Miami-Dade County Circuit Court.

11.     On or about January 11, 2016, HAZAN filed for Chapter 11 bankruptcy in the Southern District of Florida, Case No. 16-10389-AJC ("Bankruptcy Action"). In the Bankruptcy Action, the ASSOCIATION and HAZAN entered into an agreement regarding the ASSOCIATION's claim for past-due assessments and related charges due at that time. True and correct copies of the Stipulation of Settlement for Claim 10 executed by the ASSOCIATION and HAZAN on or about August 17, 2016 [D.E. 209-A] and approved by the Bankruptcy Court on November 17, 2016 [D.E. 302] (hereinafter collectively the "Stipulation") are attached hereto as **Composite Exhibit "2"** and incorporated herein by reference.

12.     In addition to her obligations under Article 6 of the Association's Declaration and § 720.3085, Fla. Stat., the Stipulation further requires HAZAN to continue to pay all post-petition, ongoing monthly and/or special assessments to the ASSOCIATION. *See* **Composite Exhibit "2"** at Para. 6. Failure to pay such amounts entitles the ASSOCIATION to "all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose upon same." *Id.* at Para. 7.

13.     Thus, even though the Bankruptcy Action is still pending in that HAZAN is still making payments pursuant to her Bankruptcy Plan, the parties have already agreed and the Bankruptcy Court has already approved the filing of a new lien and foreclosure action with respect to post-petition assessments, which is what the ASSOCIATION's seeks herein.

14.     HAZAN has failed or otherwise refused to fully and timely pay the assessments levied by the ASSOCIATION against the Subject Property and the charges related thereto as same have become due and payable, since approximately August 2019 through the present, in an amount

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

currently exceeding $61,000.00, after application of payments received to date in accordance with § 720.3085(3)(b), Fla. Stat., which amount continues to accrue.

15.     All conditions precedent to the filing of this action have been performed, occurred, or were otherwise waived.

16.     As a result of HAZAN's failure to pay assessments and related charges resulting from such nonpayment, the ASSOCIATION has been required to retain the undersigned counsel and is obligated to pay a reasonable fee thereto.

17.     Pursuant to §§ 720.305 and 720.3085, Fla. Stat., and the Association's Declaration at Article 6, the ASSOCIATION is entitled to be reimbursed its attorney's fees and costs incurred in this action.

## COUNT I
## FORECLOSURE OF LIEN

18.     Plaintiff ASSOCIATION hereby re-alleges and re-avers the allegations contained in Paragraphs 1 through 17 above as if fully set forth herein.

19.     This is an action to foreclose the Claim of Lien (hereinafter defined) against the Subject Property.

20.     HAZAN has failed or otherwise refused to pay the assessments levied by the ASSOCIATION against the Subject Property and the charges related thereto as same have become due and payable, since approximately August 2019 through the present, in an amount currently exceeding $61,000.00, after application of payments received to date in accordance with § 720.3085(3)(b), Fla. Stat., which amount continues to accrue.

21.     On or about January 4, 2021, and in accordance with § 720.3085, Fla. Stat., the ASSOCIATION, by and through its undersigned counsel, sent HAZAN, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Notice of Intent to File/Record a Claim

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

of Lien ("Notice of Intent to Lien") to the Subject Property, which is also HAZAN's last address on file with the ASSOCIATION. A true and correct copy of the Notice of Intent to Lien is attached hereto as **Exhibit "3"** and incorporated herein by reference.

22.     HAZAN failed or otherwise refused to pay the amounts set forth in the Notice of Intent to Lien within forty-five (45) days thereof. As a result, and in accordance with § 720.3085, Fla. Stat. and the Declaration, on March 24, 2021, the ASSOCIATION recorded a Claim of Lien against the Subject Property in ORB 32413 at Pages 4637-38, of the public records of Miami-Dade County, Florida (the "Claim of Lien"). A true and correct copy of the Claim of Lien is attached hereto as **Exhibit "4"** and incorporated herein by reference.

23.     Pursuant to F.S. §720.3085(5)(b), the ASSOCIATION was not required to send HAZAN a forty-five (45) day Notice of Intent to Foreclose its Claim of Lien due to the pending Bank Foreclosure as well as the pending Bankruptcy. Nonetheless, on or about April 5, 2021, in accordance with § 720.3085, Fla. Stat., the ASSOCIATION, by and through its undersigned counsel, sent HAZAN, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Notice of Intent to Foreclose Claim of Lien ("Notice of Intent to Foreclose") to the Subject Property, which is also HAZAN's last address on file with the ASSOCIATION. A true and correct copy of the Notice of Intent to Foreclose is attached hereto as **Exhibit "5"** and incorporated herein by reference.

24.     In addition, on February 7, 2022, the ASSOCIATION sent HAZAN, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Supplemental Notice of Intent to Foreclose Claim of Lien ("Supplemental Notice of Intent to Foreclose") to the Subject Property, which is also HAZAN's last address on file with the ASSOCIATION. A true and correct copy of

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

the Supplemental Notice of Intent to Foreclose is attached hereto as **Exhibit "6"** and incorporated herein by reference.

25.     As set forth in § 720.3085, Fla. Stat. and the Declaration, the Claim of Lien secures all unpaid assessments, interest, late fees, collection costs, and attorneys' fees and costs incident to the collections process set forth therein and that have and will come due subsequent to its recording through the entry of a final judgment in this action.

26.     Further, pursuant to § 720.3085(1), the ASSOCIATION's lien rights and Claim of Lien are effective from and shall relate back to the date of recording of the ASSOCIATION's original Declaration, i.e. - - February 6, 2003.

27.     To date, HAZAN has failed or otherwise refused to satisfy the Claim of Lien, and thus pursuant to § 720.3085, Fla. Stat. and Article 6 of the Declaration, the ASSOCIATION is now entitled to foreclose the Claim of Lien in the same manner that a mortgage is foreclosed.

28.     The ASSOCIATION's interest in the Subject Property pursuant to the Declaration and the Claim of Lien is superior to any right, title or interest of Defendant or any party claiming by, through or under HAZAN to the Subject Property.

29.     Defendant MEEHAN may claim some interest in or lien upon the Subject Property as an occupant or having a homestead interest in same. However, MEEHAN's specific interest in the Subject Property and any other right, title or interest to and in the Subject Property is junior, inferior, and subordinate to the ASSOCIATION's rights pursuant to the Claim of Lien.

30.     Defendant, 6913 VALENCIA may claim an interest in the Subject Property by virtue of a Second Mortgage recorded on March 14, 2012 in ORB 28034, at Page 4869 of the Public Records of Miami Dade County, Florida. However, 6913 VALENCIA's specific interest in

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

the Subject Property and any other right, title or interest to and in the Subject Property is junior, inferior, and subordinate to the ASSOCIATION's rights pursuant to the Claim of Lien.

31.     Defendants TENANTS may claim an interest in the Subject Property by virtue of possession of the Subject Property as tenants under a lease or otherwise as occupants. However, TENANTS' specific interest in the Subject Property and any other right, title or interest to and in the Subject Property is junior, inferior, and subordinate to the ASSOCIATION's rights pursuant to the Claim of Lien.

WHEREFORE, Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC., respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, and in so doing award the following relief:

A.     Take jurisdiction of this cause and of the parties to this action;

B.     Ascertain the amount of money including assessments, interest, late fees, expenses, costs and attorney's fees and costs which ASSOCIATION is entitled to recover in this action and award such amounts pursuant to the Declaration and § 720.385, Fla. Stat.;

C.     Find that ASSOCIATION be decreed to have a lien upon the Subject Property of Defendant HAZAN as described herein for the sum of money found to be due, and that said lien be decreed superior to the rights, title and interest of all of the Defendants named herein;

D.     Find that such lien be foreclosed in accordance with the Declaration and the established rules and practices of the Court, that upon default of the payment to ASSOCIATION of the amounts so found to be due, and that said real estate be sold by the Clerk of Court to satisfy ASSOCIATION's lien in accordance with provisions of Chapter 720 of the Florida Statutes;

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

E.      Find that the Final Judgment of Foreclosure incorporate an order dispossessing the Defendants, and requiring that the purchaser at the foreclosure sale, his representatives or all of the assigns, be let into possession of the Subject Property;

F.      Reserve jurisdiction to enter a Writ of Possession in favor of the person or entity acquiring title to the Subject Property as a result of the public sale ordered by the Court;

G.      Reserve jurisdiction to award the ASSOCIATION a deficiency judgment in the event the sale of the Subject Property produces insufficient funds to satisfy the ASSOCIATION's judgment; and

H.      Award such other and further relief as ASSOCIATION may be entitled to receive.

## COUNT II
## BREACH OF DECLARATION

32.      Plaintiff ASSOCIATION hereby re-alleges and re-avers the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

33.      The ASSOCIATION's Declaration allows the ASSOCIATION to levy assessments and charges related thereto against the Subject Property, which HAZAN is required to pay. *See* **Exhibit "1"**.

34.      The Declaration is a contract by and between the ASSOCIATION and HAZAN, which strictly governs the relationship between them.

35.      Pursuant to §§ 720.305 and 720.3085, Fla. Stat., HAZAN is required to comply with the terms and conditions of the Declaration.

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

36.    Despite multiple demands from the ASSOCIATION, HAZAN still has not made payment for the assessments and related charges due and owing to the ASSOCIATION. *See* **Exhibits "3", "5", and "6".**

37.    HAZAN materially breached the Declaration by failing or otherwise refusing to pay assessments levied by the ASSOCIATION against the Subject Property as same became due and payable.

38.    HAZAN further materially breached the Declaration by failing or otherwise refusing to pay the interest, late fees, collection costs, and attorneys' fees and costs incurred by the ASSOCIATION incident to the collections process, resulting from HAZAN's failure to pay the assessments levied by the ASSOCIATION against the Subject Property.

39.    As a direct and proximate result of such breaches, the ASSOCIATION has been damaged.

WHEREFORE, Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant ELIZABETH HAZAN, and in so doing award the ASSOCIATION the actual damages it has sustained in this regard, along with pre-judgment and post-judgment interest and the reasonable attorneys' fees and costs incurred in this regard, together with such other and further relief deemed just and proper.

[SIGNATURE PAGE TO FOLLOW]

*Valencia Estates Homeowners' Association, Inc. v. Elizabeth Hazan, et al.*
*Foreclosure Complaint*

Dated this 23rd day of March, 2022.

Respectfully submitted,

**HABER LAW, P.A.**
251 NW 23rd Street
Miami, Florida 33127
(305) 379-2400
(305) 379-1106 (fax)
service@haber.law


By:   */s/ Rebecca N. Casamayor*
        **REBECCA N. CASAMAYOR, ESQ.**
        Florida Bar No.: 99070
        rcasamayor@haber.law
        jfelipe@haber.law
        **DEESHA SMART, ESQ.**
        Florida Bar No. 1026394
        dsmart@haber.law

**Exhibit "1"**

### ARTICLE 6.

### <u>COVENANT FOR MAINTENANCE ASSESSMENTS</u>

OFF. REC BK.
2 1 0 0 4 P G 0 4 0 0

6.1. <u>Creation of the Lien and Personal Obligation of the Assessments</u>. Except as provided elsewhere herein, the Developer (and each party joining in any supplemental declaration), for all Lots within the Neighborhood, hereby covenants and agrees, and each Owner of any Lot by acceptance of a deed therefor or other conveyance thereof, whether or not it shall be so expressed in such deed or other conveyance, shall be deemed to covenant and agree to pay to the Association annual assessments and charges for the operation of the Association and the maintenance, management, operation and insurance of the Common Properties as provided elsewhere herein, including such reasonable reserves as the Association may deem necessary, capital improvement assessments as provided herein, assessments for maintenance, bulk cable and/or satellite television or communications charges and all other charges and assessments hereinafter referred to or lawfully imposed by the Association, all such assessments to be fixed, established and collected from time to time as herein provided. In addition, special assessments may be levied against particular Owners and Lots for fines, expenses incurred against particular Lots and/or Owners to the exclusion of others and other charges against specific Lots or Owners as contemplated in this Declaration. The annual, special and other assessments, together with interest thereon and costs of collection thereof as are hereinafter provided, shall be a charge on the land and shall be a continuing lien upon the Lot against which each such assessment is made. Each such assessment, together with such interest thereon and costs of collection thereof as are hereinafter provided, shall also be the personal obligation of the person who is the Owner of such property at the time when the assessment fell due and all subsequent Owners until paid, except as provided in Section 6.9 below.

6.2. <u>Rate of Assessment</u>. Except as provided herein with respect to special assessments which may be imposed on one or more Lots or Homes and Owners to the exclusion of others and in Section 6.9 below, all assessments imposed by the Association shall be imposed against all Lots subject to its jurisdiction in accordance with the percentages set forth on **Exhibit "E"** attached hereto and made a part hereof. Reference herein to assessments shall be understood to include reference to any and all of said charges whether or not specifically mentioned.

6.3. <u>Purpose of Assessments</u>. The regular assessments levied by the Association shall be used exclusively for the purposes expressed in Section 6.1 above.

6.4. <u>Special Assessments</u>. In addition to the regular and capital improvement assessments which are or may be levied hereunder, the Association (through the Board of Directors) shall have the right to levy special assessments against an Owner(s) to the exclusion of other Owners for: (a) the repair or replacement of damage to any portion of the Common Properties (including, without limitation, improvements and landscaping thereon) caused by the misuse, negligence or other action or inaction of an Owner or such Owner's Members' Permittee(s); or (b) the costs of work performed by the Association in accordance with Article **4** and/or Article **5** of this Declaration. Any such special assessment shall be subject to all of the applicable provisions of this Article including, without limitation, lien filing and foreclosure procedures and late charges and interest. Any special assessment levied hereunder shall be due within the time specified by the Board of Directors in the action imposing such assessment.

6.5. <u>Capital Improvements</u>. Funds which, in the aggregate, exceed twenty percent (20%) of the total amount of the current operating budget of the Association in any one fiscal year, and are necessary for the addition of capital improvements (as distinguished from

- 11 -

repairs and maintenance) relating to the Common Properties and which have not previously been collected as reserves or are not otherwise available to the Association (other than by borrowing), shall be levied by the Association as special assessments only upon approval of a majority of the Board of Directors of the Association and upon approval by two-thirds (2/3) favorable vote of the Members of the Association voting at a meeting or by ballot as may be provided in the By-Laws of the Association. Additionally, the Association may adopt a capital improvement assessment upon approval of a majority of the Board of Directors of the Association for reconstruction as provided in Section 11.1 below.

6.6.   <u>Date of Commencement of Annual Assessments; Due Dates</u>.   The annual regular assessments provided for in this Article shall commence on the first day of the month next following the recordation of these covenants and shall be applicable through September 30 of such year. Each subsequent annual assessment shall be imposed for the year beginning October 1 and ending September 30. The annual assessments shall be payable in advance, in monthly installments, or in annual, semi-annual or quarterly installments if so determined by the Board of Directors of the Association (absent which determination they shall be payable monthly). The assessment amount (and applicable installments) may be changed at any time by said Board from that originally stipulated or from any other assessment that is in the future adopted. The original assessment for any year shall be levied for the calendar year (to be reconsidered and amended, if necessary, every six (6) months), but the amount of any revised assessment to be levied during any period shorter than a full calendar year shall be in proportion to the number of months (or other appropriate installments) remaining in such calendar year. The due date of any special assessment or capital improvement assessment shall be fixed in the Board resolution authorizing such assessment.   Notwithstanding anything herein contained to the contrary, no Lot shall be subject to assessment until such time as a Home has been constructed thereon and received a certificate of occupancy from the applicable governmental authority.

6.7.   <u>Duties of the Board of Directors</u>.   The Board of Directors of the Association shall fix the date of commencement and the amount of the assessment against each Lot subject to the Association's jurisdiction for each assessment period, to the extent practicable, at least thirty (30) days in advance of such date or period, and shall, at that time, prepare a roster of the Lots and assessments applicable thereto which shall be kept in the office of the Association and shall be open to inspection by any Owner. Written notice of the assessment shall thereupon be sent to every Owner subject thereto thirty (30) days prior to payment of the first installment thereof, except as to special assessments. In the event no such notice of a change in the assessments for a new assessment period is given, the amount payable shall continue to be the same as the amount payable for the previous period, until changed in the manner provided for herein. Subject to other provisions hereof, the Association shall upon demand at any time furnish to any Owner liable for an assessment a certificate in writing signed by an officer of the Association, setting forth whether such assessment has been paid as to any particular Lot. Such certificate shall be conclusive evidence of payment of any assessment to the Association therein stated to have been paid. The Association, through the action of its Board of Directors, shall have the power, but not the obligation, to enter into an agreement or agreements from time to time with one or more persons, firms or corporations (including affiliates of the Developer) for management services. The Association shall have all other powers provided in its Articles of Incorporation and By-Laws.

6.8.   <u>Effect of Non-Payment of Assessment; the Personal Obligation; the Lien; Remedies of the Association</u>.   If the assessments (or installments) provided for herein are not paid on the date(s) when due (being the date(s) specified herein), then such assessments (or installments) shall become delinquent and shall, together with late charges, interest and

OFF. REC BK.
21004PG0402

the cost of collection thereof as hereinafter provided, thereupon become a continuing lien on the Lot which shall bind such property in the hands of the then Owner, his heirs, personal representatives, successors and assigns.  Except as provided in Section 6.9 below to the contrary, the personal obligation of the then Owner to pay such assessment shall pass to his successors in title and recourse may be had against either or both.  If any installment of an assessment is not paid within fifteen (15) days after the due date, at the option of the Association, a late charge not greater than the amount of such unpaid installment may be imposed (provided that only one late charge may be imposed on any one unpaid installment and if such installment is not paid thereafter, it and the late charge shall accrue interest as provided herein but shall not be subject to additional late charges, provided further, however, that each other installment thereafter coming due shall be subject to one late charge each as aforesaid), or the next twelve (12) months' worth of installments may be accelerated and become immediately due and payable in full and all such sums shall bear interest from the dates when due until paid at the highest lawful rate and the Association may bring an action at law against the Owner(s) personally obligated to pay the same, may record a claim of lien (as evidence of its lien rights as hereinabove provided for) against the Lot on which the assessments and late charges are unpaid, may foreclose the lien against the Lot on which the assessments and late charges are unpaid, or may pursue one or more of such remedies at the same time or successively, and attorneys' and paralegals' fees and costs actually incurred preparing and filing the claim of lien and the complaint, if any, and prosecuting same, in such action (and any appeals therefrom) shall be added to the amount of such assessments, late charges and interest, and in the event a judgment is obtained, such judgment shall include all such sums as above provided and attorneys' and paralegals' fees actually incurred together with the costs of the action, through all applicable appellate levels.  In the case of an acceleration of the next twelve (12) months' worth of installments, each installment so accelerated shall be deemed, initially, equal to the amount of the then most current delinquent installment, provided that if any such installment so accelerated would have been greater in amount by reason of a subsequent increase in the applicable budget, the Owner of the Lot whose installments were so accelerated shall continue to be liable for the balance due by reason of such increase and special assessments against such Lot shall be levied by the Association for such purpose.  In addition to the rights of collection of assessments stated in this Section, any and all persons acquiring title to or an interest in a Lot as to which the assessment is delinquent, including without limitation persons acquiring title by operation of law and by judicial sales, shall not be entitled to the occupancy of such Lot or the enjoyment of the Common Properties until such time as all unpaid and delinquent assessments due and owing from the selling Owner have been fully paid; provided, however, that the provisions of this sentence shall not be applicable to the mortgagees and purchasers contemplated by Section 6.9 below.  It shall be the legal duty and responsibility of the Association to enforce payment of the assessments hereunder.  Failure of the Association to send or deliver bills shall not, however, relieve Owners from their obligations hereunder. All assessments, late charges, interest, penalties, fines, attorney's fees and other sums provided for herein shall accrue to the benefit of the Association.  Owners shall be obligated to deliver the documents originally received from the Developer, containing this and other declarations and documents, to any grantee of such Owner.

6.9.    Subordination of the Lien.  The lien of the assessments provided for in this Article shall be subordinate to real property tax liens and to the lien of any first mortgage recorded prior to recordation by the Association of a claim of lien held by a Mortgage Lender and which is now or hereafter placed upon any property subject to assessment; provided, however, that any such Mortgage Lender when in possession or any receiver, and in the event of a foreclosure, any purchaser at a foreclosure sale, and any such Mortgage Lender acquiring a deed in lieu of foreclosure, and all persons claiming by, through or under such purchaser or Mortgage Lender, shall hold title subject to the liability and lien

of any assessment coming due after such foreclosure (or conveyance in lieu of foreclosure). Any unpaid assessment which cannot be collected as a lien against any Lot by reason of the provisions of this Section shall be deemed to be an assessment divided equally among, payable by and a lien against all Lots subject to assessment by the Association, including the Lots as to which the foreclosure (or conveyance in lieu of foreclosure) took place.

6.10.   Effect on Developer. Notwithstanding any provision to the contrary contained in this Declaration, for as long as Developer (or any of its affiliates) is the Owner of any Lot, Developer shall have the option, in its sole discretion, to (a) pay assessments on the Lots owned by it in like manner as paid by other Owners; or (b) not paying assessments on Lots owned by Developer, and in lieu thereof, funding any resulting deficit in the Association's operating expenses (exclusive of any capital costs and reserves) not produced by assessments receivable from Owners other than Developer and any other income receivable by the Association. The deficit to be paid under option (b) above shall be the difference between (i) actual operating expenses of the Association (exclusive of capital improvement costs and reserves) and (ii) the sum of all monies receivable by the Association (including, without limitation, assessments, interest, late charges, fines and incidental income) and any surplus carried forward from the preceding year(s). Developer may from time to time change the option stated above under which Developer is making payments to the Association by written notice to such effect to the Association. When all Lots within the Neighborhood are sold and conveyed to purchasers, neither the Developer, nor its affiliates, shall have further liability of any kind to the Association for the payment of assessments, deficits or contributions.

6.11.   Association Funds. The portion of all regular assessments collected by the Association for reserves for future expenses, if any, and the entire amount of all special assessments, shall be held by the Association for the Owners of all Lots, as their interests may appear, and may be invested in interest bearing accounts or in certificates of deposit or other like instruments or accounts available at banks or savings and loan institutions the deposits of which are insured by an agency of the United States.

## ARTICLE 7.

### CERTAIN RULES AND REGULATIONS

7.1.   Applicability. The provisions of this Article **7** shall be applicable to all of the Lots, Homes and Common Properties of the Neighborhood.

7.2.   Land Use and Building Type. No Lot shall be used except for single family residential purposes, unless otherwise approved by the Developer. No building constructed on a Lot shall be used except for residential purposes. No building shall be erected, altered, placed or permitted to remain on any Lot other than one Home and one cabana house. Temporary uses by Developer and its affiliates for model homes, guest accommodations, sales displays, parking lots, sales offices and other offices, or any one or combination of such uses, shall be permitted at all times. No improvements may be made to a Lot, or changes thereafter made (unless such changes are made by the Developer) without the consent of the Architectural Control Board (as hereinafter defined).

7.3.   Construction Activity. Unless otherwise approved in advance by the Architectural Control Board, no construction or construction related activities may be undertaken: (a) on legal holidays recognized by the Federal Government (or other holidays designated as such by Declarant), (b) Sundays, or (c) outside the hours of 8:00 a.m through 6:00 p.m., Monday through Friday, or 9:00 a.m through 6:00 p.m. on Saturdays.

**Composite Exhibit "2"**

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF**
**FLORIDA MIAMI DIVISION**
**www.flsb.uscourts.gov**

IN RE:

CaseNo:16-10389AJC
Chapter 11

Liza Hazan
a/k/a ELIZABETH HAZAN

<u>DEBTOR.                    /</u>

<u>**STIPULATION OF SETTLEMENT CLAIM 10**</u>
<u>**Valencia Estates Homeowners Assn, Inc.**</u>

Debtor-In-Possession, Liza Hazan ("Hazan" or "Debtor") and Creditor Valencia Estates Homeowners Assn, Inc. (the "Creditor") (collectively the "Parties"), by and through undersigned counsel, hereby agree to a stipulation as to the treatment of Creditor's claim, as set forth below and respectfully represent the following to the court: By submission of this Stipulation for entry, the submitting counsel represents that the opposing party consents to its entry. Pursuant to this stipulation, the Parties agree as follows:

1.      On 1/11/16, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code.

2.      On 5/11/16, Creditor filed Claim #10 in the amount of $195,072.14 as a Secured Claim.

3.      On 6/29/16, Valencia filed ECF 94 Motion for adequate protection pending confirmation and motion to shorten or terminate exclusivity ("Motion").

4.      On 7/11/16 Debtor filed her Plan of Reorganization ECF 102 ("Plan").

5.      Parties agree that Valencia's Motion ECF 94 is granted in part as follows:

   A.      Debtor shall pay on or before August 17, 2016 the amount of $2,193.17 owed for past due maintenance to Valencia;

   B.      Debtor shall pay four (4) months of accelerated regular assessments of $1121.00 per month for a total of $4,484.00 for the months of September through December, 2016 on or before September 15, 2016;

   C.      Debtor shall pay special assessment of $6,250.00 by October 15, 2016. (collectively, A, B and C will be referred to as the Post-Petition Payments")

6.      Parties agree that Claim Number 10 shall be paid in the amount of $195,000.00 with 3.5% interest in the Chapter 11 Plan, over forty-eight (48) months, with one payment on the Effective Date of $4,062.00, and payments every five (5) months thereafter in the amount of $20,312.50 following the Effective Date until paid in full, with the interest payments to be made

annually on the twelfth (12th) month. All monies are to be paid on or before the 48th month after the Effective Date. Interest statements shall be rendered annually to the Debtor and payment of said accrued interest will be due within fifteen (15) days of invoice date (hereinafter all payments under Paragraph 6 shall be referenced as "Claim Payments"). *The Claim Amount of $195,000.00 includes pre-petition and post-petition attorney's fees & costs absent a breach by Debtor as referenced below in Paragraph 10 below* 

7.   Debtor shall continue to pay monthly and/or special assessments on an ongoing basis as required by the Declaration ("Ongoing Assessments"). Should the Ongoing Assessments not be paid, Valencia shall have all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose upon same.

8.   Debtor shall immediately dismiss her appeal in the Third District Court of Appeal Case styled *Elizabeth Hazan v. Valencia Estates Homeowners Association, Inc.*, Third DCA Case No. 16-1733, pursuant to the Notice of Appeal filed on July 17, 2016 of the Final Judgment rendered in the state court action in the Eleventh Judicial Circuit, State of Florida, styled *Valencia Estates Homeowners Association, Inc. v. Elizabeth Hazan*, et. al, Case No. 10-56030 CA 32 ("Valencia State Court Action"). Debtor shall then allow the Valencia Final Judgment to be amended to include attorney's fees and costs to be added to the original Final Judgment, so that the Amended Final Judgment shall be for the total sum of $195,000. The Amended Final Judgment shall not be appealed by Debtor, and Creditor shall be entitled to record a Certified Copy of the Amended Final Judgment against the Debtor's residence at Valencia as a recorded lien against the Subject Property ("Judgment Lien"). Valencia shall not execute or take action to enforce the Judgment Lien absent an uncured breach relating to either the Claim Payments (Paragraph 6 above) or the Post-Petition Payments (Paragraph 5 above) due to a failure to timely cure the default pursuant to Paragraph 9 below. However, Debtor agrees and acknowledges that Valencia shall be paid in full for all remaining monies due and owing under the Claim Payments pursuant to the Judgment Lien on an accelerated basis should there be a sale or refinance of the Subject Property.

9.   Should the Debtor breach the payment obligations hereunder or the Ongoing Payments (Paragraph 7 above), she will be in violation of this Agreement. Should the Debtor violate this Agreement pre-Confirmation, the Plan cannot be confirmed.

10.  If a payment is not made related to either the Claim Payments (Paragraph 6 above) or the Post-Petition Payments due (Paragraph 5 above) consistent with the above treatment, Valencia shall provide seven (7) days notice to Debtor ("Notice"), and same shall provide fourteen (14) days to cure the default ("Cure Period"). Upon an Uncured Default, the remaining balance due of the Claim Payments and Post-Petition Payments Valencia are automatically accelerated ("Accelerated Amounts") and Valencia shall be entitled to file a Motion to Enforce Stipulation and Granting of Stay Relief to Execute upon the Judgment Lien with a supporting Affidavit of Uncured Default ("Motion to Enforce and for Stay Relief"), along with a request for reasonable attorney's fees and costs for enforcement of the Stipulation ("Enforcement Attorney's Fees"). The Bankruptcy Court shall retain jurisdiction to enforce this Stipulation and to address/rule upon such a Motion to Enforce and for Stay Relief. Should the Bankruptcy Court grant the Motion to Enforce and for Stay Relief and grant stay relief to pursue enforcement of the Judgment Lien for the Accelerated Amounts plus Enforcement Attorney's Fees, then Valencia shall have all of the rights granted under law to pursue such enforcement of the Judgment Lien and Debtor shall have no defenses to same absent payment of the Accelerated Amounts due (inclusive of interest due upon same at the Amended Final Judgment rate) plus Enforcement Attorney's Fees.

11.  Creditor Valencia agrees that so long as Debtor is in compliance with this Stipulation to vote the full amount of its claim in favor of Debtor's Plan of Reorganization with the *Valencia State Court Action claims, counterclaims. All defenses, proposed counterclaims + proposed third party claims against Valencia, it's agents, managers, attorneys, members + officers, raisideo unraised, are released & waived.*

stipulated treatment.

12.   This Stipulation shall be submitted to the Court for ratification and approval.

WHEREFORE, the Debtor respectfully requests an order ratifying and approving this Stipulation.

Agreed to by

s/s: Liza Hazan, Debtor


s/s: David Haber, Esq.
Rebecca Newman Casamayor, Esq.
HABER SLADE, P.A.
Miami Center
201 S. Biscayne Blvd. Suite 1205
Miami, FL 33131
T: 305-379-2400
F: 305-379-1106
rcasamayor@dhaberlaw.com
counsel for Creditor Valencia

and

/s/: Joel M. Aresty, Esq
Joel M. Aresty. P.A.
309 1st Ave S
Tierra Verde, FL 33715
Fax: 305-899-9889
Phone: (305) 899-9876
Aresty@Mac.com
Fla. Bar No. 197483
counsel for Debtor Liza Hasan


**Certificate Of Service**

**I hereby certify** that a true and correct copy of the foregoing was served upon all parties as indicated below, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said party.



**ORDERED in the Southern District of Florida on November 17, 2016.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION**

www.flsb.uscourts.gov

IN RE:

                                           CaseNo:16-10389AJC
                                           Chapter 11

Liza Hazan
a/k/a ELIZABETH HAZAN

DEBTOR.                               /

---

**AGREED ORDER APPROVING STIPULATION OF SETTLEMENT OF CLAIM 10
Valencia Estates Homeowners Assn, Inc.**

       THIS CAUSE came before the Court upon the Stipulation of Settlement of Claim 10

(Valencia Estates Homeowners Assn, Inc.) [attached as "Exhibit "A" to ECF 209] (hereinafter

the "Stipulation"). The Court has been advised of the agreement of the Parties and has

reviewed the terms of the Stipulation and being fully advised in the premises, it is hereby

**ORDERED** as follows:

1) The Stipulation (attached as Exhibit "A" to ECF 209) is approved and ratified by the Court.

2) Valencia's Motion for Adequate Protection [ECF 94] is granted in part, as set forth in the Stipulation at Paragraph 5.

3) Valencia's Claim #10 and Valencia's Objection to Debtor's Disclosure Statement [ECF 138] are considered resolved pursuant to the terms of the Stipulation.

4) This Court shall retain jurisdiction to enforce the terms of this Order and the Stipulation.

5) The Debtor hereby withdraws her Limited Objection to Motion to Compromise Controversy [ECF 239].

6) Valencia hereby withdraws its Limited Objection to Debtor's Amended Disclosure Statement [ECF 279].

\*   \*   \*

Submitted by:
Rebecca Newman Casamayor, Esq.
HABER SLADE, P.A.
Miami Center
201 S. Biscayne Blvd. Suite 1205
Miami, FL 33131
T: 305-379-2400
F: 305-379-1106
dhaber@dhaberlaw.com
*counsel for Creditor Valencia*

Attorney Rebecca Newman Casasmayor, Esq. shall serve copies of this Order on all interested parties and file a Certificate of Service.

# Exhibit "3"



**HABER LAW**

**REBECCA N. CASAMAYOR, ESQ.**
305-379-2400 Ext. 117
RCASAMAYOR@HABER.LAW

## NOTICE OF INTENT TO RECORD A CLAIM OF LIEN
### This letter is sent pursuant to Chapter 720 of the Florida Statutes

January 4, 2021

**Via Regular U.S. and Certified Mail, Return Receipt Requested:**
*Barcode:* **9214 8901 9403 8300 0028 8859 23**
Elizabeth Hazan a/k/a Liza Hazan
6913 Valencia Drive
Fisher Island, Florida 33109

**COPY TO COUNSEL [VIA E-MAIL ONLY]:**
David Langley, Esq.
E-mail: dave@flalawyer.com
Joel Aresty, Esq.
E-mail: Aresty@Mac.com
Stuart J. Zoberg, Esq.
E-mail: szoberg@shirlawgroup.com

> **RE:** *Valencia Estates Homeowners' Association, Inc.*
> *Property: Parcel/Lot/Unit 6913*
> *Owner: Elizabeth Hazan*
> *Matter #: 3706.102*

Dear Ms. Hazan:

As you are aware, our law firm represents **Valencia Estates Homeowners' Association, Inc.** ("Association"). We have been retained by the Association with respect to your failure to pay assessments when due to the Association. Pursuant to §720.3085 of the Florida Statutes and the Association's Declaration of Covenants and Restrictions ("Declaration"), you are obligated to pay the regular periodic assessments, special assessments, interest, administrative late fees, collection costs, and attorneys' fees and costs detailed below. These amounts (the "Debt") must be paid within forty-five (45), unless the validity of the Debt is disputed in writing within that time, in which case these amounts will continue to be due upon verification of the Debt.

Pursuant to §720.3085 of the Florida Statutes, the following amounts are currently due on your account to the Association, and must be paid within forty-five (45) days after your receipt of this letter. This letter shall serve as the Association's notice of intent to record a Claim of Lien against your property no sooner than forty-five (45) days after your receipt of this letter, unless you pay in full the amounts set forth below:

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Lien*
*January 4, 2021*
*Page 2 of 4*

| Item | Amount |
|------|--------|
| Unpaid Regular Assessments (due first of month, Jan. 2020-Jan. 2021) | $19,006.87 |
| Unpaid Interest through 12/31/20 at 18% per annum | 1,468.97 |
| Unpaid Late Fees | 225.00 |
| Unpaid Attorney's Fees[1] | 4,403.75 |
| Unpaid Attorney's Costs | 6.65 |
| Disbursement Processing Fee | 120.00 |
| **Total Due for Ongoing Assessments as of 1/4/2021:** | **$25,231.24** |

The Total Due, as specified above, takes into account charges and application of payments received for Ongoing Assessments, in accordance with Fla. Stat. 720.3085, from August 2019 to present. The Total Due does not affect any amounts owed by you for any other reason or pursuant to any judgment, order, and/or agreement. This correspondence does not address or concern any amounts that may be due or come due with respect to your bankruptcy proceedings in the Bankruptcy Court for the Southern District of Florida (Case No.: 16-10389-AJC – Chapter 11). This correspondence pertains only to Ongoing Assessments and related charges due to the Association, pursuant to the Stipulation of Settlement Claim 10 executed by you and the Association on or about August 17, 2016 [D.E. 209-A] and approved by the Bankruptcy Court on November 17, 2016 [D.E. 302] (the "Stipulation"), as well as pursuant to Article 6 of the Association's Declaration and Florida Statutes, Chapter 720.

Please be advised that if payment for the Total Due, as specified above, is not paid in full on or before January 15, 2021, additional late fees in the amount of $25.00 will come due, and additional interest at the rate of eighteen percent (18%) per annum will accrue on the balance of all unpaid assessments. Further, on February 1, 2021 (and the first of every month thereafter), additional regular periodic assessments in the amount of $1,726.16 will come due. **Please keep these dates and amounts in mind when you make your payment.**

**Do not send a check directly to the Association as this will delay crediting the account and may cause attorneys' fees and costs to continue to accrue**. We have enclosed the wiring instructions for this law firm's IOTA Trust Account for your review and for the purpose of forwarding payment. If payment is to be made by check, please make same payable to Haber Law, P.A. Trust Account.

If you have any further questions concerning this account, please write a letter or send an e-mail to the undersigned.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THE NOTICE REQUIRED BY 15 U.S.C. § 1692(g) IS ATTACHED HERETO.**

---

[1] Incurred incident to the collections process for Ongoing Assessments, from September 2020 to the date of this correspondence, pursuant to the Declaration and Fla. Stat. 720.3085.

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Lien*
*January 4, 2021*
*Page 3 of 4*

This correspondence reserves all rights of the Association, without limitation.

Very truly yours,

**HABER LAW, P.A.**

*/s/ Rebecca N. Casamayor, Esq.*

REBECCA N. CASAMAYOR, ESQ.

Enclosures:  Notice Required by 15 U.S.C. § 1692(g)
      Haber Law, P.A., Trust Account wiring instructions

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Lien*
*January 4, 2021*
*Page 4 of 4*

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. SECTION 1692(g), AS AMENDED

1.      The amount of the debt is set forth in this Notice.

2.      **VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC.** is the creditor to whom the debt is owed.

3.      Unless the consumer, within thirty (30) days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office (the Debt Collector).

4.      If the consumer notifies this office (the Debt Collector), in writing within the thirty-day period that the debt, or any portion thereof, is disputed, this office (the Debt Collector) will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by this office (the Debt Collector).

5.      Upon the consumer's written request within the thirty-day period, this office (the Debt Collector) will provide the consumer with the name and address of the original creditor, if different from the current creditor.

6.      Written requests pursuant to this notice should be addressed to Rebecca N. Casamayor, Haber Law, P.A.

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Lien*
*January 4, 2021*
*Page 5 of 4*

## <u>WIRE TRANSFER INSTRUCTIONS</u>:

Haber Law, P.A. IOTA Trust Account

IberiaBank
200 W. Congress Street
Lafayette, LA 70501

ABA #: ███████
ACCOUNT: ██████████

SWIFT#: ████████

RE:   Association Dues – Valencia Unit 6913
       Matter # 3706.102

# Exhibit "4"

CFN: 20210205943 BOOK 32413 PAGE 4637
DATE:03/24/2021  11:42:18 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

**Prepared By and Return to:**
Rebecca N. Casamayor, Esq.
Haber Law, P.A.
251 NW 23rd Street
Miami, FL 33127
Matter #3706.102

# COVER PAGE TO
## Homeowners' Association Claim of Lien
### (Valencia Estates – 6913 Valencia Drive)

## HOMEOWNERS' ASSOCIATION CLAIM OF LIEN

**Valencia Estates Homeowners' Association, Inc.** (the "Association"), a Florida not for profit corporation, hereby files this Claim of Lien against the following described property:

Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, at Page 64, of the Public Records of Miami-Dade County, Florida. Property Address: 6913 Valencia Drive, Fisher Island, Florida 33109.

The record owner of the Property is: **Elizabeth Hazan.** The address of the Association is: 40306 Fisher Island Drive, Fisher Island, Florida, 33109. This Claim of Lien is for the amount of **$31,089.66** which includes the following:

| Item | Amount |
|------|-------:|
| Unpaid Regular Periodic Assessments (due first of each month, from 1/1/20 - 3/1/21) | $22,459.19 |
| Unpaid Interest at 18% per annum | 2,401.96 |
| Unpaid Late Fees | 300.00 |
| Unpaid Attorney's Fees | 5,622.50 |
| Unpaid Attorney's Costs | 35.51 |
| Attorneys' Fees and Costs for Disbursement Processing | 120.00 |
|  | **$30,939.16** |
| Attorneys' Fees to prepare Release of Claim of Lien | 127.50 |
| Attorneys' Costs to record Release of Claim of Lien | 23.00 |
| **Total Due** | **$31,089.66** |

The Claim of Lien secures all unpaid assessments which are due and which may accrue subsequent to the recording of this Claim of Lien and before entry of a certificate of title, as well as all related charges permitted by § 720.3085, Fla. Stat., including but not necessarily limited to, interest at the rate reflected above, late charges, and reasonable costs and attorney fees incurred by the Association incident to the collection process. This Claim of Lien is filed pursuant to the Association's recorded Declaration of Covenants and Restrictions, as amended, and § 720.3085, Fla. Stat.

Dated this 17th day of March, 2021.

Valencia Estates Homeowners' Association, Inc.

By:

Print Name: Jason Griller

Title: VP/Director

STATE OF FLORIDA )
)ss
COUNTY OF MIAMI-DADE )

The foregoing instrument was acknowledged before me by means of ☒ physical presence or ☐ online notarization, this 17 day of March, 2021, by Jason Griller, who is the _____ of **Valencia Estates Homeowners' Association, Inc.,** and who is personally known to me or who produced _____ as identification.

Iren Kovalli
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG337549
Expires 5/28/2023

NOTARY PUBLIC, STATE OF FLORIDA

# Exhibit "5"



**HABER LAW**

REBECCA NEWMAN CASAMAYOR, ESQ.
305-379-2400 Ext. 117
RCASAMAYOR@HABER.LAW

<u>**NOTICE OF INTENT TO FORECLOSE CLAIM OF LIEN**</u>
<u>**(This letter is being sent pursuant to Florida Statues, Chapter 720)**</u>

April 5, 2021

**<u>Via Regular U.S. and Certified Mail, Return Receipt</u>**
**<u>Requested & Via E-mail:</u>**
*<u>Barcode:</u>* **9214890194038300036032388**
Elizabeth Hazan a/k/a Liza Hazan
6913 Valencia Drive
Fisher Island, Florida 33109
E-mail: elizabethhazan07@gmail.com;
elizabeth9246qc@gmail.com

*RE:     Valencia Estates Homeowners' Association, Inc.*
*Property: Parcel/Lot/Unit 6913*
*Owner: Elizabeth Hazan*
*Matter #: 3706.102*

Dear Ms. Hazan:

As you are aware, our law firm represents **Valencia Estates Homeowners' Association, Inc.** ("Association"). Enclosed is a copy of the Claim of Lien that has been recorded in the Public Records of Miami-Dade County, Florida against your property, Parcel/Lot/Unit 6913 within Valencia Estates (the "Subject Property"). The Claim of Lien was recorded against the Subject Property due to your failure to pay the below assessments and related charges to the Association. The Association will be authorized and intends to file a foreclosure action if the following amounts, together with any subsequent sums that come due, are not paid in full within forty-five (45) days after your receipt of this letter:

| Item | Amount |
|---|---|
| Unpaid Regular Assessments (due first of month, Jan. 2020-April 2021)[1] | $24,185.35 |
| Unpaid Interest at 18% per annum[2] | 2,401.96 |
| Unpaid Late Fees[3] | 300.00 |

---

[1] Due dates take into account application of all payments received, in accordance with Fla. Stat. 720.3085, to a debt beginning in August 2019.
[2] Accruing from August 2019 through March 31, 2021.
[3] Accruing from August 2019 through March 31, 2021.

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Foreclose*
*April 5, 2021*
*Page 2 of 4*

| | |
|---|---:|
| Unpaid Attorneys' Fees[4] | 5,922.50 |
| Unpaid Attorneys' Costs | 41.87 |
| Disbursement Processing Fee | 120.00 |
| | **$32,971.68** |
| Attorney' Fees for preparing Release of Lien | 127.50 |
| Attorneys' Costs for recording Release of Lien | 23.00 |
| **TOTAL DUE ON OR BEFORE 4/15/21:** | **$33,122.18** |

The Total Due, as specified above, takes into account charges and application of payments received for Ongoing Assessments, in accordance with Fla. Stat. 720.3085, from August 2019 to present. The Total Due does not affect any amounts owed by you for any other reason or pursuant to any judgment, order, and/or agreement. This correspondence does not address or concern any amounts that may be due or come due with respect to your bankruptcy proceedings in the Bankruptcy Court for the Southern District of Florida (Case No.: 16-10389-AJC – Chapter 11). This correspondence pertains only to Ongoing Assessments and related charges due to the Association, pursuant to the Stipulation of Settlement Claim 10 executed by you and the Association on or about August 17, 2016 [D.E. 209-A] and approved by the Bankruptcy Court on November 17, 2016 [D.E. 302] (the "Stipulation"), as well as pursuant to Article 6 of the Association's Declaration and Florida Statutes, Chapter 720.

Please be advised that if payment for the Total Due, as specified above, is not paid in full on or before April 15, 2021, additional late fees in the amount of $25.00 will come due, and additional interest at the rate of eighteen percent (18%) per annum will accrue on the balance of all unpaid assessments. Further, on May 1, 2021 (and the first of every month thereafter), additional regular periodic assessments in the amount of $1,726.16 will come due. **Please keep these dates and amounts in mind when you make your payment**.

**Do not send a check directly to the Association as this will delay crediting the account and may cause attorneys' fees and costs to continue to accrue.** We have enclosed the wiring instructions for this law firm's IOTA Trust Account for your review and for the purpose of forwarding payment. If payment is to be made by check, please make same payable to Haber Law, P.A. Trust Account and forward same to this office, to be received on or before April 15, 2021.

If you have any further questions concerning this account, please write a letter or send an email to the undersigned, pursuant to the contact information listed on the first page of this letter.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

[4] Incurred incident to the collections process for Ongoing Assessments, from September 2020 to the date of this correspondence, pursuant to the Declaration and Fla. Stat. 720.3085.

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Foreclose*
*April 5, 2021*
*Page 3 of 4*

This correspondence reserves all rights of the Association, without limitation.

Very truly yours,

**HABER LAW, P.A.**

*/s/ Rebecca N. Casamayor, Esq.*

REBECCA NEWMAN CASAMAYOR, ESQ.

Enclosures:     Recorded Claim of Lien

*Valencia Estates - - Unit 6913 (Hazan)*
*Notice of Intent to Foreclose*
*April 5, 2021*
*Page 4 of 4*

## **WIRE TRANSFER INSTRUCTIONS:**

Haber Law, P.A. IOTA Trust Account

IberiaBank
200 W. Congress Street
Lafayette, LA 70501

ABA #: ████████
ACCOUNT: ████████

SWIFT#: ██████

RE:  Association Dues – Valencia Unit 6913
     Matter # 3706.102

CFN: 20210205943 BOOK 32413 PAGE 4637
DATE:03/24/2021  11:42:18 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

**Prepared By and Return to:**
Rebecca N. Casamayor, Esq.
Haber Law, P.A.
251 NW 23rd Street
Miami, FL 33127
Matter #3706.102

# COVER PAGE TO
## Homeowners' Association Claim of Lien
### (Valencia Estates – 6913 Valencia Drive)

## HOMEOWNERS' ASSOCIATION CLAIM OF LIEN

**Valencia Estates Homeowners' Association, Inc.** (the "Association"), a Florida not for profit corporation, hereby files this Claim of Lien against the following described property:

Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, at Page 64, of the Public Records of Miami-Dade County, Florida. Property Address: 6913 Valencia Drive, Fisher Island, Florida 33109.

The record owner of the Property is: **Elizabeth Hazan.** The address of the Association is: 40306 Fisher Island Drive, Fisher Island, Florida, 33109. This Claim of Lien is for the amount of **$31,089.66** which includes the following:

| Item | Amount |
|------|-------:|
| Unpaid Regular Periodic Assessments (due first of each month, from 1/1/20 - 3/1/21) | $22,459.19 |
| Unpaid Interest at 18% per annum | 2,401.96 |
| Unpaid Late Fees | 300.00 |
| Unpaid Attorney's Fees | 5,622.50 |
| Unpaid Attorney's Costs | 35.51 |
| Attorneys' Fees and Costs for Disbursement Processing | 120.00 |
| | **$30,939.16** |
| Attorneys' Fees to prepare Release of Claim of Lien | 127.50 |
| Attorneys' Costs to record Release of Claim of Lien | 23.00 |
| **Total Due** | **$31,089.66** |

The Claim of Lien secures all unpaid assessments which are due and which may accrue subsequent to the recording of this Claim of Lien and before entry of a certificate of title, as well as all related charges permitted by § 720.3085, Fla. Stat., including but not necessarily limited to, interest at the rate reflected above, late charges, and reasonable costs and attorney fees incurred by the Association incident to the collection process. This Claim of Lien is filed pursuant to the Association's recorded Declaration of Covenants and Restrictions, as amended, and § 720.3085, Fla. Stat.

Dated this 17ᵗʰ day of ___March___ , 2021.

Valencia Estates Homeowners' Association, Inc.

By: _____

Print Name: _Jason Giller_

Title: _VP/Director_

STATE OF FLORIDA      )
                     )ss
COUNTY OF MIAMI-DADE  )

The foregoing instrument was acknowledged before me by means of ☒ physical presence or ☐ online notarization, this _17_ day of _March_ , 2021, by _Jason Giller_ , who is the _____ of **Valencia Estates Homeowners' Association, Inc.,** and who is personally known to me or who produced _____ as identification.

Iren Kovalli
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG337549
Expires 5/28/2023

_____
NOTARY PUBLIC, STATE OF FLORIDA

# Exhibit "6"



**HABER LAW**

**REBECCA NEWMAN CASAMAYOR, ESQ.**
305-379-2400 Ext. 117
RCASAMAYOR@HABER.LAW

---

### [SUPPLEMENTAL] NOTICE OF INTENT TO FORECLOSE CLAIM OF LIEN
### (This letter is being sent pursuant to Florida Statues, Chapter 720)

February 7, 2022

**Via Federal Express, Regular U.S. and Certified Mail,**
**Return Receipt Requested & Via E-mail:**
*Barcode: 9214 8901 9403 8300 0065 6729 75*
Elizabeth Hazan a/k/a Liza Hazan
6913 Valencia Drive
Fisher Island, Florida 33109
E-mail: elizabethhazan07@gmail.com;
elizabeth9246qc@gmail.com

> RE:   *Valencia Estates Homeowners' Association, Inc.*
> *Property: Parcel/Lot/Unit 6913*
> *Owner: Elizabeth Hazan*
> *Matter #: 3706.102*

Dear Ms. Hazan:

As you are aware, our law firm represents **Valencia Estates Homeowners' Association, Inc.** ("Association"). Enclosed is a copy of the Claim of Lien that has been recorded in the Public Records of Miami-Dade County, Florida against your property, Parcel/Lot/Unit 6913 within Valencia Estates (the "Subject Property"). The Claim of Lien was recorded against the Subject Property due to your failure to pay the below assessments and related charges to the Association. The Association will be authorized and intends to file a foreclosure action if the following amounts, together with any subsequent sums that come due, are not paid in full within forty-five (45) days after your receipt of this letter:

| Item | Amount |
|---|---|
| Unpaid Regular Assessments (due first of month, Jan. 2020-Feb. 2022)[1] | $41,486.15 |
| Unpaid Interest at 18% per annum[2] | 7,196.09 |
| Unpaid Late Fees[3] | 550.00 |

---

[1] Due dates take into account application of all payments received, in accordance with Fla. Stat. 720.3085, to a debt beginning in August 2019.
[2] Accruing from August 2019 through January 31, 2022.
[3] Accruing from August 2019 through January 31, 2022.

*Valencia Estates - - Unit 6913 (Hazan)*
*[Supplemental] Notice of Intent to Foreclose*
*February 7, 2022*
*Page 2 of 4*

| | |
|---|---:|
| Unpaid Attorneys' Fees[4] | 9,660.00 |
| Unpaid Attorneys' Costs | 72.07 |
| Disbursement Processing Fee | 120.00 |
| | **$59,084.31** |
| Attorney' Fees for preparing Release of Lien | 127.50 |
| Attorneys' Costs for recording Release of Lien | 23.25 |
| **TOTAL DUE ON OR BEFORE 2/15/22:** | **$59,235.06** |

The Total Due, as specified above, takes into account charges and application of payments received for Ongoing Assessments, in accordance with Fla. Stat. 720.3085, from August 2019 to present. The Total Due does not affect any amounts owed by you for any other reason or pursuant to any judgment, order, and/or agreement. This correspondence does not address or concern any amounts that may be due or come due with respect to your bankruptcy proceedings in the Bankruptcy Court for the Southern District of Florida (Case No.: 16-10389-AJC – Chapter 11). This correspondence pertains only to Ongoing Assessments and related charges due to the Association, pursuant to the Stipulation of Settlement Claim 10 executed by you and the Association on or about August 17, 2016 [D.E. 209-A] and approved by the Bankruptcy Court on November 17, 2016 [D.E. 302] (the "Stipulation"), as well as pursuant to Article 6 of the Association's Declaration and Florida Statutes, Chapter 720.

Please be advised that if payment for the Total Due, as specified above, is not paid in full on or before February 15, 2022, additional late fees in the amount of $25.00 will come due, and additional interest at the rate of eighteen percent (18%) per annum will accrue on the balance of all unpaid assessments. Further, on March 1, 2022 (and the first of every month thereafter), additional regular periodic assessments in the amount of $1,734.00 will come due. **Please keep these dates and amounts in mind when you make your payment.**

**Do not send a check directly to the Association as this will delay crediting the account and may cause attorneys' fees and costs to continue to accrue.** We have enclosed the wiring instructions for this law firm's IOTA Trust Account for your review and for the purpose of forwarding payment. If payment is to be made by check, please make same payable to Haber Law, P.A. Trust Account and forward same to this office, to be received on or before February 15, 2022.

If you have any further questions concerning this account, please write a letter or send an email to the undersigned, pursuant to the contact information listed on the first page of this letter.

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

[4] Incurred incident to the collections process for Ongoing Assessments, from September 2020 to the date of this correspondence, pursuant to the Declaration and Fla. Stat. 720.3085.

*Valencia Estates - - Unit 6913 (Hazan)*
*[Supplemental] Notice of Intent to Foreclose*
*February 7, 2022*
*Page 3 of 4*

This correspondence reserves all rights of the Association, without limitation.

Very truly yours,

**HABER LAW, P.A.**

*/s/ Rebecca N. Casamayor, Esq.*

REBECCA NEWMAN CASAMAYOR, ESQ.

Enclosures:     HLPA Wire Instructions
                Recorded Claim of Lien

*Valencia Estates - - Unit 6913 (Hazan)*
*[Supplemental] Notice of Intent to Foreclose*
*February 7, 2022*
*Page 4 of 4*

## **WIRE TRANSFER INSTRUCTIONS:**

Haber Law, P.A. IOTA Trust Account

IberiaBank/First Horizon*
200 W. Congress Street
Lafayette, LA 70501

ABA #: ▉▉▉▉▉▉▉
ACCOUNT: ▉▉▉▉▉▉▉▉▉

SWIFT#: ▉▉▉▉▉▉

RE:  Association Dues – Valencia Unit 6913
     Matter # 3706.102


**Wire cutoff time is 4 PM Eastern Standard Time**


*Please note that Iberia Bank is currently merging with First Horizon.  The First Horizon name may show under this ABA number.  The information is still correct, and the wire will come through to the IberiaBank account.

**Consumer Fraud Alert:**

Please contact our office at 305-379-2400 to confirm wire instructions.  All wires must be verified by phone with our office prior to sending the wire.  Please notify us immediately if different wire instructions are received.

CFN: 20210205943 BOOK 32413 PAGE 4637
DATE:03/24/2021  11:42:18 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

**Prepared By and Return to:**
Rebecca N. Casamayor, Esq.
Haber Law, P.A.
251 NW 23rd Street
Miami, FL 33127
Matter #3706.102

# COVER PAGE TO
## Homeowners' Association Claim of Lien
### (Valencia Estates – 6913 Valencia Drive)

## HOMEOWNERS' ASSOCIATION CLAIM OF LIEN

**Valencia Estates Homeowners' Association, Inc.** (the "Association"), a Florida not for profit corporation, hereby files this Claim of Lien against the following described property:

Lot 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, as recorded in Plat Book 157, at Page 64, of the Public Records of Miami-Dade County, Florida. Property Address: 6913 Valencia Drive, Fisher Island, Florida 33109.

The record owner of the Property is: **Elizabeth Hazan.** The address of the Association is: 40306 Fisher Island Drive, Fisher Island, Florida, 33109. This Claim of Lien is for the amount of **$31,089.66** which includes the following:

| Item | Amount |
|---|---|
| Unpaid Regular Periodic Assessments (due first of each month, from 1/1/20 - 3/1/21) | $22,459.19 |
| Unpaid Interest at 18% per annum | 2,401.96 |
| Unpaid Late Fees | 300.00 |
| Unpaid Attorney's Fees | 5,622.50 |
| Unpaid Attorney's Costs | 35.51 |
| Attorneys' Fees and Costs for Disbursement Processing | 120.00 |
| | **$30,939.16** |
| Attorneys' Fees to prepare Release of Claim of Lien | 127.50 |
| Attorneys' Costs to record Release of Claim of Lien | 23.00 |
| **Total Due** | **$31,089.66** |

The Claim of Lien secures all unpaid assessments which are due and which may accrue subsequent to the recording of this Claim of Lien and before entry of a certificate of title, as well as all related charges permitted by § 720.3085, Fla. Stat., including but not necessarily limited to, interest at the rate reflected above, late charges, and reasonable costs and attorney fees incurred by the Association incident to the collection process. This Claim of Lien is filed pursuant to the Association's recorded Declaration of Covenants and Restrictions, as amended, and § 720.3085, Fla. Stat.

Dated this 17th day of ____March____, 2021.

Valencia Estates Homeowners' Association, Inc.

By: _____

Print Name: Jason Giller

Title: VP/Director

STATE OF FLORIDA )
)ss
COUNTY OF MIAMI-DADE )

The foregoing instrument was acknowledged before me by means of ☒ physical presence or ☐ online notarization, this 17 day of March, 2021, by Jason Giller, who is the _____ of Valencia Estates Homeowners' Association, Inc., and who is personally known to me or who produced _____ as identification.

Iren Kovalli
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG337549
Expires 5/28/2023

NOTARY PUBLIC, STATE OF FLORIDA

CFN: 20210205943 BOOK 32413 PAGE 4638