**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 1:25-cv-21283-MFE

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,
     Plaintiff,

vs.

ELIZABETH HAZAN, et al.,
     Defendants.

_____/

**PLAINTIFF'S MOTION TO DEEM DEFENDANTS' VEXATIOUS LITIGANTS AND
PLACE CERTAIN LIMITATIONS ON ANY FUTURE LITIGATION THEY INITIATE
OR REMOVE TO THIS COURT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Valencia Estates Homeowners' Association ("**Plaintiff**" or the "**Association**"),
by and through undersigned counsel, request that this Court enter an Order deeming defendants
Elizabeth Hazan ("**Hazan**") and Sean Meehan ("**Meehan**") "vexatious litigants" and placing
certain limitations on their ability to initiate *pro se* future litigation in this Court that in any way
attempts to remove, contest, dispute, challenge, appeal, or prevent the litigation styled *Valencia
Estates Homeowners' Association, Inc.,* plaintiff*, vs. Elizabeth Hazan, et al.*, Case No. 2022-
005424-CA-01(the "**Original Proceeding**") pending before the Eleventh Judicial Circuit in and
for Miami-Dade County, Florida (the "**State Court**") from continuing advancing, proceeding,
progressing, adjudicating, or concluding. In support, Plaintiff states as follows:

**INTRODUCTION**

This proceeding is now the third removal by defendants Hazan and Meehan to this Court
in a clear, sanctionable deferral and delay of the Original Proceeding. As previously held by both
Judge Gayles and Judge Altman, no federal jurisdiction exists to adjudicate the Original
Proceeding and this matter should be remanded to the State Court for final adjudication. Only

1

seven (7) days prior to the Third Removal Notice (as defined below), on **_March 12, 2025_**, Judge Altman entered the Order (DESA#36) [1] ("**Reconsideration Denial Order**") confirming the Order Remanding Case (DESA#27) ("**SR Order**"; collectively with the Reconsideration Denial Order, the "**Second Remand Orders**") remanding this proceeding to the State Court. The Second Remand Orders build on Judge Gayles's Order (DEFA#30) [2] ("**First Remand Order**") finding that no jurisdiction exists in the First Removal Action (as defined below).

Hazan and Meehan are not strangers to this Court but use notices of removal as a tool to impede the Original Proceeding and other proceedings, hinder valid creditors, and frustrative final adjudication of simple matters. Solely as it relates to removal of pending action and in addition to the three (3) removals of the Original Proceeding, Hazan and Meehan have filed the following removal actions relating to pending foreclosure or mortgage adjacent issues:

(i)     On **February 26, 2024**, Hazan and Meehan removed the foreclosure litigation styled _David W. Langley and David W. Langley P.A. v. Elizabeth Hazan a/k/a Liza Hazan and Sean Meehan_, Case No.: 1:24-cv-20736-CMA[3] to this Court, which was summarily remanded on February 29, 2024.

(ii)    On **February 21, 2025**, Hazan and Meehan removed the foreclosure litigation styled _JP Morgan Chase N.A. v. Elizabeth Hazan et. al._, Case No.: 1:25-cv-20815-BB[4] to this Court, which was summarily remanded on February 25, 2025.

(iii)   On **March 12, 2025,** Hazan and Meehan again removed the foreclosure litigation on the eve of trial styled _David W. Langley and David W. Langley P.A. v. Elizabeth Hazan a/k/a Liza Hazan and Sean Meehan_, Case No.: 1:25-cv-21172-EIS[5]

---

[1] DESA# shall denote filings in the Second Removal Action.

[2] DEFA# shall denote filings in the First Removal Action.

[3] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:24-cv-20736-CMA pursuant to Fed. R. Civ. P. 201.

[4] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:25-cv-20815-BB pursuant to Fed. R. Civ. P. 201.

[5] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:24-cv-20736-CMA pursuant to Fed. R. Civ. P. 201.

("**Second Langley Matter**") to this Court, which was summarily remanded on February 29, 2025.

Overall, Plaintiff requests that the Court declare Hazan and Meehan vexatious litigants and that limits are placed on Hazan and/or Meehan for any future removals or litigation that may be asserted relating to Plaintiff or the Original Proceeding including, but not limited to, the following: (i) finding and adjudicating that any further removals of the Original Proceeding by Hazan or Meehan are a nullity absent such notice being signed and filed by Florida Bar attorney; (ii) finding and adjudicating that Hazan and/or Meehan are enjoined from removing, contesting, disputing, challenging, appealing, or preventing the State Court from adjudicating the Original Proceeding from continuing advancing, proceeding, progressing, adjudicating, or concluding; and (iii) should Hazan and/or Meehan fail to comply with such an order, permitting Plaintiff to reopen this matter to file a motion for order to show cause why Hazan and/or Meehan should not be held in contempt.

## BACKGROUND

### A. Parties

1.      Plaintiff is a Florida corporation not-for-profit, operating pursuant to the provisions of Chapter 720, Florida Statutes. Plaintiff is responsible for managing the affairs of Valencia Estates, a residential community in Miami-Dade County, Florida, pursuant to its Declaration of Covenants and Restrictions ("**Declaration**"), recorded in the Public Records of Miami-Dade County, Florida, on February 6, 2003, at ORB 21004, Page 390, as amended from time to time. Pursuant to Fla. Stat. § 720.3085, Article 6 of Plaintiff's Declaration, and the Stipulation (as defined below), Hazan is required to pay all assessments that are levied by Plaintiff against the Subject Property as they become due and payable.

2.      Hazan is the owner of the property located at 6913 Valencia Drive, Fisher Island, FL 33109 ("**Subject Property**"). Hazan is subject to the Declaration as the owner of the Subject

Property. Hazan is not an attorney.

3.    Meehan lists his address as the Subject Property. *See* First Removal Notice; Amended Notice of Removal (DESA#10). Meehan is not an attorney.

**B.   Hazan's Bankruptcy Case**

4.    On or about January 11, 2016, Hazan filed for Chapter 11 bankruptcy in the Southern District of Florida, Case No. 16-10389-AJC ("**Bankruptcy Action**").

5.    In the Bankruptcy Action, Plaintiff and Hazan entered into an agreement regarding Plaintiff's claims including past-due pre-Bankruptcy Action assessments and post-Bankruptcy Action assessments. Plaintiff and Hazan executed the Stipulation of Settlement, which was approved in the Bankruptcy Action on November 17, 2016 (hereinafter collectively the "**Stipulation**"). Among the terms, the Stipulation required Hazan to pay all post-petition, ongoing monthly and/or special assessments to Plaintiff. *Id.* Failure by Hazan pay such amounts entitles Plaintiff to "all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose upon same." *Id.*

6.    The Stipulation was incorporated into the Fourth Amended Plan of Reorganization (DEB#563)[6] (the "**Plan**"). The Plan was confirmed on June 12, 2018. *See* Order Confirming Plan of Reorganization (DEB#691) ("**Confirmation Order**").

**C.   Assessments after Hazan's Bankruptcy Case**

7.    On or about January 4, 2021, and in accordance with Fla. Stat. § 720.3085, Plaintiff sent Hazan, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Notice of Intent to File/Record a Claim of Lien ("**Notice of Intent to Lien**") to the Subject Property. In response to the Notice of Intent to Lien, Hazan sent an email to Plaintiff's counsel stating that she

---

[6] "DEB#" shall denote filings in the Bankruptcy Action.

objected to all amounts sought by Plaintiff as due and owing on the Subject Property.

8.      On March 24, 2021, Plaintiff recorded a Claim of Lien against the Subject Property in ORB 32413 at Pages 4637-38, of the public records of Miami-Dade County, Florida (the "**Claim of Lien**").

9.      On or about April 5, 2021, Plaintiff, by and through its counsel, sent Hazan, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Notice of Intent to Foreclose Claim of Lien ("**Notice of Intent to Foreclose**") to the Subject Property.

10.      On February 7, 2022, Plaintiff sent Hazan, by regular U.S. and certified mail, return receipt requested, and via e-mail, a Supplemental Notice of Intent to Foreclose Claim of Lien ("**Supplemental Notice of Intent to Foreclose**") to the Subject Property, which is also Hazan's last address on file with Plaintiff.

**D.   Filing of the Original Proceeding**

11.      On March 23, 2022, Plaintiff filed its complaint in the Original Proceeding (the "Complaint"). The Complaint asserts two counts - (i) foreclosure of lien; and (ii) breach of the Declaration. The Complaint expressly states that the time period of the assessments being sought is from August 2019 to the present date.

12.      On April 29, 2022, Hazan and Meehan were validly served via personal service of process pursuant to Section 48.031(1)(a), Florida Statutes. As reflected on the Returns of Service, 6913 Valencia, LLC ("**6913 Valencia**") was also served with process at that time through Hazan as its Registered Agent pursuant to Florida Statutes § 48.062(1).

13.      On July 10, 2023, the Defendants filed their Answer, Affirmative Defenses, and Counterclaim.

**E.   Procedural History of First Removal Action**

14.     On December 18, 2023, Hazan and Meehan jointly filed the first Notice of Removal (DEFA#1) ("**First Removal Notice**") and initiated the First Removal Action. *See* **Exhibit 1.**

15.     Within the First Removal Notice, (a) Hazan admits that she "is a resident of Miami-Dade County. is therefore a citizen of Florida" and lists her address as the Subject Property i.e. 6913 Valencia Drive, Miami, Florida 33109; and (b) Meehan lists his address as the Subject Property i.e. 6913 Valencia Drive, Miami, Florida 33109.

16.     On March 5, 2024, Judge Gayles's entered the First Remand Order. *See* **Exhibit 2**.

F.  **Procedural History of Original Proceeding Between First Removal Action and Second Removal Action**

17.     On May 2, 2025, Joel Aresty, Esq. of Joel Aresty, P.A. withdrew as counsel to Hazan and Meehan. However, as of this motion, Mr. Aresty remains counsel to 6913 Valencia.

18.     On June 18, 2024, Plaintiff filed various documents including a notice of non-jury trial, a motion for summary judgment, and affidavit in support. Thereafter, on July 19, 2024, Plaintiff filed its amended motion for summary judgment and amended affidavit in support (collectively "**Amended MSJ**"), which was set for on July 17, 2024 for hearing on August 28, 2024 ("**First MSJ Hearing**").

19.     Between August 8, 2024 and August 16, 2024, Hazan and Meehan filed affidavits and memoranda in opposition to the Amended MSJ and identical Answer, Amended Affirmative Defenses, and Amended Counterclaims.

20.     Hazan sought disqualification of The Honorable Elizabeth Del-Rio on the eve of the First MSJ Hearing. When granted on August 27, 2024, the First MSJ Hearing was cancelled.

21.     On September 6, 2024, the State Court entered orders against Hazan, Meehan, and 6913 Valencia compelling responses to Plaintiff's first request for production.

22.     On October 16, 2024, the parties reset the Amended MSJ, Motion to Strike, Motion

to Dismiss, and other pleadings for hearing on December 13, 2024 ("**Second MSJ Hearing**").

23.     On November 7, 2024, the State Court entered an order to show cause against 6913 Valencia finding that it failed to comply with the order compelling documents.

24.     On November 22, 2024, the State Court entered an order against Meehan finding that he failed to comply with the order compelling documents and finding that if Meehan did not comply with the orders, he would not be permitted to rely on documents responsive to the first request for production in the litigation.

25.     On November 22, 2024, the State Court entered an order against 6913 Valencia finding that if it did not comply with the orders, 6913 Valencia would not be permitted to rely on any documents responsive to the first request for production in the litigation.

26.     On December 12, 2024, the State Court entered an order against Hazan finding that Hazan is "prohibited, precluded, barred and precluded from relying upon, presenting, or entering any document or information responsive to the [first request for production] in this action. This includes, but is not limited to, that Elizabeth Hazan is prohibited, precluded, barred and precluded from relying upon, presenting, or entering any document or information responsive to the [first request for production] at the summary judgment hearing set for December 13, 2024." In response, Hazan filed a motion to disqualify the Honorable Charles Johnson.

27.     On December 13, 2024, the State Court entered an order denying the motion to disqualify the Honorable Charles Johnson.

28.     A few hours before the Second MSJ Hearing, Meehan removed the Original Proceeding to the Second Removal Action.

**G.  Procedural History of Second Removal Action**

29.     On December 13, 2024, Meehan filed the Notice of Removal (DESA#1) claiming

jurisdiction under "Title 28, United States Code §§§§§ 1331, 1332, 1441, 1446, and 1452." *See* **Exhibit 3**.

30.     On December 23, 2024, Meehan filed the Amended Notice of Removal (DESA#10) claiming jurisdiction under "Title 28, United States Code §§§§§ 1331, 1332, 1441, 1446, and 1452" but also referencing 28 U.S.C. § 1443(1). Meehan lists his address as 6913 Valencia Drive, Miami, Florida 33109 within the Amended Notice of Removal (DESA#10). *See* **Exhibit 4.**

31.     On February 6, 2025, Judge Altman entered the SR Order. *See* **Exhibit 5.** Thereafter, Meehan filed a response to Plaintiff's remand motion and a motion for reconsideration. After considering both documents, Judge Altman entered the Reconsideration Denial Order on March 12, 2025. *See* **Exhibit 6**.

**H.   Procedural History of Original Proceeding after Second Removal Action**

32.     After entry of the SR Order, the parties reset the Amended MSJ, Motion to Strike, Motion to Dismiss, and other pleadings for hearing on March 19, 2025 ("**Third MSJ Hearing**").

33.     Immediately before the Third MSJ Hearing, Hazan and Meehan filed the Notice of Removal (DETA#1) [7]("**Third Removal Notice**") to this Court ("**Third Removal Action**").

34.     At the brief Third MSJ Hearing, Mr. Aresty, on behalf of 6913 Valencia, disclaimed the Third Removal Notice and Third Removal Action. *See* **Exhibit 7.**

**I.   Hazan Uses Notice of Removal as a Tool to Impede State Court Proceedings, Hinder Creditors, and Frustrate the Prompt Adjudication of Justice**

35.     In an unrelated case, *David Langley and David W. Langley, P.A. v. Elizabeth Hazan a/k/a Liza Hazan, and Sean Meehan*, Case No. 1:25-cv-21172-EIS [8] pending before Judge Eduardo Sanchez involves the same ploy exacted by Hazan and Meehan to avoid judgment. As outlined by

---

[7] DETA# shall denote filings in this Third Removal Action.
[8] To the extent necessary, Plaintiff requests that the Court take judicial notice of all filings in Case No.: 1:24-cv-20736-CMA pursuant to Fed. R. Civ. P. 201.

the plaintiffs (David Langley, Esq. and his P.A.), he initially filed "a straightforward foreclosure action" in on October 20, 2022. *See* DEDL#7, at ¶1. "The Complaint includes a claim for attorney's fees incurred when Plaintiffs represented Defendant Hazan in various adversary proceedings and contested matters in her Chapter 11 bankruptcy action…." *Id*. On the day before trial was to begin, Hazan and Sean Meehan filed a Notice of Removal. *Id* at ¶3. Notably, the notice of removal in that action was purportedly filed on the day prior to an attorney named Steven Murphy was scheduled to testify, and according to plaintiffs would show that Hazan committed fraud in the Bankruptcy Action by failing to disclose the ownership and subsequent sale of Apartment 1A, East 62nd Street, New York, NY for "approximately $2,000,000.00." *Id* at ¶¶4, 7-10 ("Plaintiffs believe that the closing records subpoenaed from Steven Murphy will show that the proceeds of the sale of the New York Apartment ultimately went to Hazan. The Notice of Removal was intended by Hazan to prevent the disclosure of that information.").

36.     Like the concerted action taken by Hazan and Meehan in this case, Plaintiffs in the Langley action also believe(d) that "the [f]ederal [r]emoval [was] also an improper attempt by Hazan to delay trial and prevent the disclosure of the [information concerning the sale of the NY apartment]." *Id* at ¶14.

### MEMORANDUM OF LAW

The Eleventh Circuit has repeatedly upheld injunctions entered by federal district courts barring vexatious pro se litigants from filing additional lawsuits subject to certain conditions. *E.g., Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387-88 (11th Cir. 1993) (affirming the district court's dismissal of lawsuit based on injunction entered by Connecticut District Court barring plaintiff or anyone on his behalf from filing additional lawsuits). A district court has the inherent authority "to protect itself against abuses by pro se litigants." *See Thomas v. Christina*, No. 1:22-cv-20498-

KMM, 2022 WL 1100851, at *3 (S.D. Fla. Apr. 13, 2022) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986); *Riccard v. Prudential Ins. Co*., 307 F.3d 1277, 1295 n.15 (11th Cir. 2002)). "Indeed, [t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Thomas v. Christina*, at *3 (alteration in original) (internal quotations and citation omitted). A litigant is considered vexatious when he has "repeatedly abused the judicial process through a series of actions brought in state and federal courts" and "attempted to relitigate these issues, which were decided adversely to [him]." *In re Farris*, 330 F. App'x 833, 835 (11th Cir. 2009). "The right of access to the courts 'is neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)).

"[C]ourts have routinely 'restricte[ed] a vexatious litigant from filing anything without prior approval from the Court.'" *Graham v. ACI Worldwide Corp*., No. 1:23-CV-24830-KMM, 2024 WL 3791712, at *5 (S.D. Fla. Jan. 25, 2024) (quoting *Lustig v. Stone*, No. 15-20150-CIV-LENARD/GOODMAN, 2020 WL 3469719, at *22 (S.D. Fla. June 25, 2020). Such injunctions may include a "pre-screening" procedure for the pro se litigant and the Court to follow before the Court will accept any future filing. *Barash v. Kates*, 586 F. Supp. 2d 1323, 1330 (S.D. Fla. 2008); *Garner v. Orlando/Orange County Convention Center*, 2017 WL 3252442, at *4 (M.D. Fla. Jun. 22, 2017). Injunctions requiring future filings to be made by an attorney representing the pro se litigant without such a "pre-screening" requirement are also proper. *See Klayman v. DeLuca*, 712 Fed. Appx. 930, 933-34 (11th Cir. 2017); *Graham v. ACI Worldwide Corp*., 2024 WL 3791712, at 5.

"In making the determination whether the litigant's conduct is sufficient to justify the entry of what is referred to as a Martin-Trigona injunction to stop continued vexatious litigation by persons with a history of such litigation . . . with the primary object of the injunction, it is sufficient to show a history of litigation entailing vexation, harassment, and needless burden on the courts and their supporting personnel." *In re Dicks*, 306 B.R. 700, 705-06 (Bankr. M.D. Fla. 2004). Courts have "considerable discretion" "in designing injunctions to limit vexatious litigation." *Klayman*, 712 Fed. Appx. at 934 (citing *Procup*, 792 F.2d at 1074). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Buhannic v. TradingScreen, Inc*., 2020 WL 4058949, at *7 (S.D.N.Y. Jul. 20, 2020).

In determining whether a vexatious litigant's access to the courts should be limited, courts should consider at least the following factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation and whether he has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether a lesser sanction would be adequate to protect the courts and other parties." *Lustig v. Stone*, 2020 WL 3469719, at *10; *Silva v. Swift*, 2020 WL 5523400, at *7-8 (N.D. Fla. Jun. 1, 2020) (citations omitted); *see also Dicks*, 306 B.R. at 706.

As to the first factor, Hazan and/or Meehan have filed three (3) removals of the Original Proceeding in addition to three (3) other removals of foreclosure or mortgage adjacent litigation. Each notice of removal, whether against Plaintiff or other parties, are almost identical and provide limited or no information explaining why this Court has federal jurisdiction – either diversity

jurisdiction or federal question jurisdiction. The First Removal Action, Second Removal Action, and Third Removal Action are duplicative of one another and were each filed for only one purpose-delay.

The second factor supports entry of the injunctive relief. Both Judge Gayles and Judge Altman have each considered and dismissed all bases of removal claimed in the Third Removal Notice. *See e.g.* First Remand Order; SR Order; Reconsideration Denial Order. The parties are not diverse, removal is untimely, not all defendants consent to the Third Removal Action, there are no federal questions, the Original Proceeding is not related to the Bankruptcy Action, the Original Proceeding has no relation, whatsoever, to a civil rights case, and this Court cannot review or reconsider the previous remand orders. *See e.g.* Reconsideration Denial Order.

As to the third factor - whether the litigant has had an attorney – neither Hazan nor Meehan have filed any of the removal actions through an attorney. In fact, Mr. Aresty who is counsel to 6913 Valencia before the State Court, disclaimed the Third Removal Notice and this Third Removal Action.

As to the fourth factor, Plaintiff has now three times sought remand for the same issues complained in the Third Removal Notice. Each time Meehan or Hazan remove the action, the State Court loses jurisdiction and adjudication of the Original Proceeding is frustrated. During such time Hazan fails to pay her ongoing post-Bankruptcy Action assessments, delays enforcement of the years of unpaid post-Bankruptcy Action assessments, and forces Plaintiff to incur significant fees and costs.

As to the fifth factor, whether any lesser sanction would protect the courts and the other parties, Plaintiff sees no other alternative as monetary sanctions are not likely to be recovered.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this motion, find both Hazan and Meehan vexatious litigants and place limitations on filings including, but not limited to, the following: (i) finding and adjudicating that any further removals of the Original Proceeding by Hazan or Meehan are a nullity absent such notice being signed and filed by Florida Bar attorney; (ii) finding and adjudicating that Hazan and/or Meehan are enjoined from removing, contesting, disputing, challenging, appealing, or preventing the State Court from adjudicating the Original Proceeding from continuing advancing, proceeding, progressing, adjudicating, or concluding; (iii) should Hazan and/or Meehan fail to comply with such an order, permitting Plaintiff to reopen this matter to file a motion for order to show cause why Hazan and/or Meehan should not be held in contempt, which may include civil contempt, criminal contempt and/or other sanctions that the Court finds appropriate; and such further and other relief as the Court deem just and proper.

Dated: March 24, 2025                    Respectfully Submitted,

**BARRY S. TURNER P.A.**
*Counsel for Plaintiff*
PO Box 330189
Miami, Florida 33233-0189
Phone: (305) 699-4392
Email: bt@bstpa.com

By:    /s/ *Barry S. Turner*
         Barry S. Turner, Esq.
         Fla. Bar No. 85535

## STATEMENT AS TO GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I certify that the undersigned counsel for Plaintiff has conferred via email with Hazan and Meehan, respectively. Meehan and Hazan requested an extension of time to consider the request, which Plaintiff did not agree.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 24, 2025,  I electronically filed the foregoing via CM/ECF and by automatic emails generated through the E-Filing Portal System and served the foregoing document on the following parties:

Elizabeth Hazan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
***Via US Mail***

Sean Meehan
6913 Valencia Drive
Miami, FL 33109
*Pro se Defendant*
***Via US Mail***

6913 Valencia LLC
c/o Joel Aresty, Esq.
309 1st Ave S
Tierra Verde, FL 33715
*State Court Counsel to 6913 Valencia LLC*
***Via US Mail***

By:   /s/ *Barry S. Turner*
         Barry S. Turner, Esq.
         Fla. Bar No. 85535