UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-21283-ELFENBEIN

**VALENCIA ESTATES HOMEOWNERS ASSOCIATION, INC.**,

    Plaintiff,

v.

**ELIZABETH HAZAN** *et al*,

    Defendants.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court on Plaintiff Valencia Estates Homeowners' Association, Inc.'s ("Plaintiff") Expedited Motion to Remand to State Court ("Motion to Remand"), ECF No. [7]. For the reasons that follow, the Motion to Remand, **ECF No. [7]**, is **GRANTED in part** and **DENIED in part**.

On March 23, 2022, Plaintiff filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Action"), against Defendants Elizabeth Hazan ("Hazan"), Sean Neil Meehan ("Meehan"), 6913 Valencia, LLC ("Valencia"), John Doe, and Jane Doe (collectively, "Defendants"). *See* ECF No. [1-1]. The Complaint asserts claims against Defendants for foreclosure of a lien and breach of a declaration based on Defendants' alleged failure to pay assessments levied against the subject property. *See generally id*. On March 19, 2025, Meehan, Hazan, and Valencia (collectively, the "Removing Defendants") removed this case — for the third time— arguing, again, that this Court has jurisdiction on the following grounds: (1) the Court has diversity jurisdiction under 28 U.S.C. § 1332; (2) the Court has jurisdiction under

28 U.S.C. § 1334 because the State Action is related to a bankruptcy action (Case No. 16-10389-PGH); and (3) the Court has jurisdiction under 28 U.S.C. § 1443 because the State Action's proceedings have deprived the Removing Defendants of their "constitutional rights".[1]  *See* ECF No. [1].

On March 21, 2025, Plaintiff timely filed the Motion to Remand stating several grounds for remand.  *See generally* ECF No. [7].  Plaintiff also requests that the Court order the Removing Defendants to pay Plaintiff's attorney's fees and costs.  *Id*. at 19.  On April 22, 2025, the Removing Defendants filed their Response to Plaintiff's Motion to Remand (the "Response"), ECF No. [14], which states that they consented to withdraw the Notice of Removal before Plaintiff filed its Motion for Remand.  *See* ECF No. [14] at 1-3.  The Response states that "Defendants promptly consented to remand the case by the deadline set forth by Plaintiff's counsel [on] March 21, [2025] at 5PM but [Plaintiff's] Counsel already had the pleadings ready to file and filed them although Defendants agreed to remand the case."  *Id*. at 3.

In support, the Response attaches the email correspondence between Plaintiff's counsel, Hazan, and Meehan that reflects the Removing Defendants' clear consent to withdraw their removal and to remand this action.  *See* ECF No. [14-1] at 1-5.  On March 20, 2025, at 3:04 p.m., Plaintiff's counsel sought Hazan and Meehan's agreement to withdraw and dismiss the Notice of Removal and requested their response by 5:00 p.m. on March 21, 2025.  *See id*. at 1.  On March 21, 2025, at 4:22 p.m., Hazan timely responded stating "WE WILL AGREE" to withdraw and dismiss the Notice of Removal.  *See id*. (caps in original).  Ten minutes later, Hazan confirmed the Removing Defendants' agreement again stating, "to dismiss or withdraw the notice of removal

---

[1] The Removing Defendants have attempted removal twice before on the same bases alleged in the current Notice of Removal and each attempt has been remanded by District Court Judges of this District.  *See* Order, No. 23-CV-24780-DPG, ECF No. [30]; Order, No. 24-CV-24879-RKA, ECF No. [36].

please understand that we don't have the online filing privileges like a lawyer[.]  So we have to do it in person and we will do it in person.  Agreed." *See id*. at 4.  One minute later, Plaintiff's counsel confirmed receipt of Hazan's email and informed her that he would be filing his motions anyway.  *See id*. at 7.

Since the Removing Defendants clearly do not oppose the remand of this case, it is **ORDERED and ADJUDGED** that:

1. Plaintiff's Motion to Remand, **ECF No. [7]**, is **GRANTED in part** and **DENIED in part**.

2. This action is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. Because the Removing Defendants agreed to remand this case before Plaintiff filed the Motion to Remand and within the timetable set forth in Plaintiff's meet-and-confer email, Plaintiff could have expedited the remand and minimized fees and costs by submitting an unopposed or joint motion for remand, but it chose not to do so. Therefore, Plaintiff's request for attorney's fees and costs is **DENIED**.

4. The Clerk of Court is directed to **CLOSE** this case.  All deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED** as **MOOT**.

**DONE and ORDERED** in Chambers in Miami, Florida on April 23, 2025.

*[signature]*

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

CASE NO. 25-CV-21283-ELFENBEIN

cc: All counsel of record

**Elizabeth Hazan**
6913 Valencia Drive
Miami, FL 33109
*PRO SE*

**Sean Neil Meehan**
6913 Valencia Drive
Miami, FL 33109
*PRO SE*